UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| ELLIOTT MCKINNIS, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 4:18-cv-4 |
| | : | |
| PROFESSIONAL ACCOUNT SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

### I.  INTRODUCTION

1. This is a case about a man who has been harassed, both before and after he hired an attorney, about a medical debt he paid and for a debt collector's disregard for his rights.

2. This is a civil action seeking declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, actual damages, statutory damages, attorneys' fees, and costs, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, ("FDCPA") and negligence.

3. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

4. The FDCPA applies to the collection of debt(s) incurred by a consumer primarily for personal, family, or household purposes.

5. Defendant is PROFESSIONAL ACCOUNT SERVICES, INC. (hereinafter "PASI").

### II.  JURISDICTION

6. This action is to enforce liability created by the FDCPA.

7. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

8. This is a civil action arising under an Act of Congress regulating commerce or protecting trade.

9. Jurisdiction of this court arises under 28 U.S.C. § 1331.

10. Jurisdiction of this court arises under 28 U.S.C. § 1337.

11. Jurisdiction of this court arises under 28 U.S.C. § 1367.

12. Declaratory relief is available in this Court pursuant to 28 U.S.C. §§ 2201-2202.

### III. VENUE

13. PASI regularly transacts business in this judicial district.

14. PASI is subject to the personal jurisdiction of this Court.

15. PASI resides in the State of Tennessee and this judicial district under the provisions of 28 U.S.C. § 1391(c)(2).

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

17. A substantial part of the events giving rise to this claim occurred in this judicial district.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### IV. PARTIES

#### Plaintiff Elliott McKinnis ("Mr. McKinnis")

19. Mr. McKinnis is a natural person.

20. Mr. McKinnis is allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692(a)(5).

21. Mr. McKinnis is a "consumer" as defined by 15 U.S.C. § 1692a(3).

22. Mr. McKinnis allegedly incurred a debt with AllianceHealth Durant ("Alliance").

**Defendant PROFESSIONAL ACCOUNT SERVICES, INC. ("PASI")**

23. PASI is a company organized and existing under the laws of the State of Tennessee.

24. PASI registered with the Tennessee Secretary of State on or about September 1, 1987.

25. PASI remains active and in good standing with the Tennessee Secretary of State.

26. PASI's principal place of business is located at 4000 MERIDIAN BLVD., FRANKLIN, TN 37067-6325.

27. PASI's registered agent for service of process is Justin Pitt, 4000 MERIDIAN BLVD., FRANKLIN, TN 37067-6325.

28. PASI's employees are agents acting on its behalf.

29. At all times relevant to this action, PASI employees were agents acting on behalf of PASI.

30. PASI is a debt collection company that, among other matters, contacts consumers in an attempt to collect consumer debt.

31. PASI attempts to collect debt on behalf of Alliance.

32. PASI maintains a website at http://www.collectivelydifferent.com/.

33. PASI is engaged in the business of collecting debt within multiple states.

34. PASI is engaged in the business of collecting debt within the State of Indiana.

35. PASI is a business entity who uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

36. PASI regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

37. PASI is engaged in the collection of debts from consumers using the mail.

38. PASI is engaged in the collection of debts from consumers using the telephone.

39. PASI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## V.     FACTUAL ALLEGATIONS

40. PASI attempted to collect a debt from Plaintiff that arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

41. On or about January 13, 2017, Mr. McKinnis mailed PASI a letter (the "Letter") explaining that he received an invoice from Alliance, disputed the bill, and that Alliance agreed to accept $919.07 to fully satisfy the account.

42. The Letter also indicated that Mr. McKinnis paid $919.07 to fully satisfy the account with Alliance.

43. Also, the Letter attached the original and amended invoices from Alliance.

44. PASI received the Letter in March of 2017.

45. The Letter referenced PASI's file number for Mr. McKinnis.

46. The Letter stated Mr. McKinnis was not in debt to Alliance.

47. On October 17, 2017, Mr. McKinnis called PASI and notified them that he had an attorney with respect to the alleged debt.

48. On or about October 25, 2017, PASI contacted Mr. McKinnis by mail indicating that PASI had verified Mr. McKinnis' employment.

49. On or about December 21, 2017, an employee of PASI called Mr. McKinnis at his place of work.

50. After receipt of the Letter, PASI continued to contact Mr. McKinnis in an attempt to collect the aforementioned debt.

51. A true and correct copy of the Letter, after redacting the account number and date of birth, is attached hereto and incorporated herein by reference as **EXHIBIT A**.

52. PASI does not have reasonable procedures in place that are reasonable adapted to avoid violation of the FDCPA.

53. PASI, through one or more of its employees, attempted to contact Mr. McKinnis after receiving the Letter.

54. PASI, through one or more of its employees, attempted to contact Mr. McKinnis after being notified that Mr. McKinnis was represented by an attorney regarding the debt.

55. At all relevant times in this action, PASI employees were acting as agents on behalf of PASI.

56. PASI uses instrumentality of interstate commerce or the mails in business for which the principal purpose is the collection of any debts.

57. PASI, directly or indirectly, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

58. PASI attempted to collect a debt that Plaintiff did not owe.

59. PASI falsely represented the character, amount, or legal status of a debt.

60. PASI falsely represented the amount of a debt.

61. PASI falsely represented the legal status of a debt.

62. PASI attempted to collect an alleged debt that was incurred for personal, family, or household use.

63. PASI attempted to collect a debt that was incurred for personal use.

64. PASI made one or more false representations to obtain information concerning Plaintiff.

65. PASI attempted to collect an amount of money from Mr. McKinnis that is not expressly authorized by an agreement creating the debt.

66. PASI attempted to collect an amount of money from Plaintiff that is not permitted by law.

67. PASI's action concerning Mr. McKinnis have caused damages, including not by way of limitation: costs of sending one or more certified letters and Mr. McKinnis's time, stress, anxiety, annoyance, and attorney fees.

68. PASI's communications with Mr. McKinnis caused Mr. McKinnis anxiety and stress.

69. All conditions precedent necessary for this lawsuit have occurred or been performed by Mr. McKinnis.

### VI. COUNT I – VIOLATION OF 15 U.S.C. 1692c

70. Mr. McKinnis incorporates herein by reference all of the foregoing paragraphs in full herein.

71. PASI violated the FDCPA by failing to cease communication with Mr. McKinnis.

72. PASI communicated with Mr. McKinnis at a place which should be known to be inconvenient to Mr. McKinnis.

73. PASI communicated with Mr. McKinnis regarding an alleged debt knowing Mr. McKinnis was represented by an attorney with respect to the alleged debt.

74. PASI called Mr. McKinnis at his place of employment when PASI has reason to know that Mr. McKinnis' employer prohibits Mr. McKinnis from receiving such calls.

75. PASI failed to cease communication with Mr. McKinnis despite receiving Mr. McKinnis' letter and communications where Mr. McKinnis refused to pay the alleged debt.

### VII. COUNT II – VIOLATION OF 15 U.S.C. 1692e

76. Mr. McKinnis incorporates herein by reference all of the foregoing paragraphs in full herein.

77. PASI violated the FDCPA by falsely representing the character, amount, or legal status of an alleged debt regarding Mr. McKinnis.

78. PASI violated the FDCPA by falsely representing compensation which may be lawfully received by PASI for the collection of an alleged debt.

79. PASI violated the FDCPA by using a false representation and/or deceptive means to attempt to collect a debt or obtain information concerning Mr. McKinnis—notifying Mr. McKinnis that the alleged debt has been verified when it was not verified and PASI failed to take reasonable steps to attempt to verify the alleged debt.

## VIII.   COUNT III – VIOLATION OF 15 U.S.C. 1692f

80. Mr. McKinnis incorporates herein by reference all of the foregoing paragraphs in full herein.

81. PASI violated the FDCPA because it attempted to collect an amount that is not expressly authorized by the agreement creating the debt or permitted by law.

82. PASI violated the FDCPA by claiming the alleged debt and amount had been verified when PASI failed to take reasonable steps to attempt to verify the alleged debt.

## IX.   COUNT V – NEGLIGENCE

83. Mr. McKinnis incorporates herein by reference all of the foregoing paragraphs in full herein.

84. PASI owed Mr. McKinnis a duty to act reasonably under the circumstances.

85. PASI owed Mr. McKinnis a duty to cease communication with Mr. McKinnis.

86. PASI owed Mr. McKinnis a duty to take reasonable steps to attempt to verify the alleged debt.

87. PASI breached its duty to Mr. McKinnis.

88. As a direct and proximate cause of PASI's breach, Elliott McKinnis sustained damages.

89. PASI's breach was the direct, proximate, and legal cause of Mr. McKinnis's damages.

90. The complained of conduct was willful.

## X.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff ELLIOTT MCKINNIS respectfully requests that this Honorable Court enter judgment in favor of Plaintiff ELLIOTT MCKINNIS and against Defendant PROFESSIONAL ACCOUNT SERVICES, INC. as follows:

A.   Declaratory judgment that PROFESSIONAL ACCOUNT SERVICES, INC. violated the FDCPA;

B.   Actual damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1692k(a)(1) in an amount according to proof at trial or judgment otherwise;

C.   $1,000.00 statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

D.   Costs of this action together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

E.   Punitive damages; and

F.   For all such other and further relief as the Court may deem just and proper.

## XI.     JURY DEMAND

Mr. McKinnis, pursuant to Fed. R. Civ. P. 38, demands a jury trial on all issues herein.

Respectfully submitted,

Dated: Lafayette, Indiana
January 12, 2018

s/ *Duran L. Keller*
Duran L. Keller, Esq. (#31743-79)
**KELLER LAW**
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388
Email: duran@kellerlawllp.com
*Attorney for Plaintiff*

1913 King Eider Ct.
West Lafayette, IN 47906
(765) 404-3090

March 13, 2017

Professional Account Services, Inc.
PO Box 188
Brentwood, TN 37024-0188

Re: AllianceHealth Durant

To Whom It May Concern:

This is in response to a notice I received from you that you are attempting to collect a debt on behalf of AllianceHealth Durant regarding account number ███████ for services that AllianceHealth provided my daughter, Emma G. McKinnis (DOB: ███████) on May 27, 2016. Please find an enclosed invoice I received from AllianceHealth dated June 19, 2016. It shows that I owed $3,114.65. I disputed this amount. As a result of this dispute, AllianceHealth amended the invoice and agreed to accept $919.07 to fully satisfy the account. Please see an enclosed copy of the amended invoice dated September 11, 2016. On October 3, 2016, I paid the $919.07 to fully satisfy my account. Therefore, I no longer am in debt to AllianceHealth Durant.

Thank you,

*[signature]*

Elliott L. McKinnis

Enclosures
CC: AllianceHealth Durant
ATTN: Billing
1800 W University Blvd.
Durant, OK 74701-3006

**AllianceHealth DURANT**
1800 W UNIVERSITY BLVD
DURANT OK 74701-3006



| PATIENT NAME |
|---|
| EMMA MCKINNIS |

| ACCOUNT # | STATEMENT DATE | AMOUNT PAID |
|---|---|---|
|  | 06/19/2016 | $ |

| DUE DATE: Upon Receipt | AMOUNT DUE: $3,114.65 |
|---|---|

Save time and postage, pay your bill online:
www.AllianceHealthDurant.com. To pay by phone, call:
888-861-2271

MAKE CHECKS PAYABLE AND REMIT TO:

**AllianceHealth DURANT**
PO BOX 281463
ATLANTA GA 30384-1463

E1   156099798

ELLIOTT MCKINNIS
1913 KING EIDER CT
WEST LAFAYETTE, IN 47906-6503

☐ Please check box and make address or insurance changes on reverse side.

**IMPORTANT MESSAGE:**

*Thank you for selecting our facility for your healthcare needs. We trust your experience with us met your expectations.*

*Your insurance(s) has/have paid their portion. The balance is now your responsibility. Please remit the balance in full by the due date.*

| ACCOUNT NUMBER | PATIENT NAME | DATES OF SERVICE |
|---|---|---|
|  | EMMA MCKINNIS | 05/27/2016-05/27/2016 |

| STATEMENT DATE | DESCRIPTION OF SERVICES | Questions about your bill? Please call, |
|---|---|---|
| 06/19/2016 | Emergency Room Services | **888-861-2271** |

| DESCRIPTION | AMOUNT |
|---|---|
| Total Charges | $5,624.82 |
| Insurance Payments To Date | $0.00 |
| Patient Payments To Date | $0.00 |
| Adjustments To Date | $-2,510.17 |
| Account Balance | $3,114.65 |

✓ Easy to sign up
✓ Easy to use
✓ Secure

**My Health Home**

A secure online home for your health information.

*Learn more at:*
www.AllianceHealthDurant.com

 Save time and postage, pay your bill online:
www.AllianceHealthDurant.com.
To pay by phone, call: 888-861-2271

**AMOUNT DUE:   $3,114.65**

810_CSCH0870_E1_E_N

**AllianceHealth**
**DURANT**

1800 W UNIVERSITY BLVD
DURANT OK 74701-3006

| PATIENT NAME | | |
|---|---|---|
| | EMMA MCKINNIS | |
| ACCOUNT # | STATEMENT DATE | AMOUNT PAID |
| | 09/11/2016 | $ |
| DUE DATE: Upon Receipt | AMOUNT DUE: $919.07 | |

Save time and postage, pay your bill online:
www.AllianceHealthDurant.com. To pay by phone, call:
888-861-2271

*MAKE CHECKS PAYABLE AND REMIT TO:*

**AllianceHealth DURANT**
PO BOX 281463
ATLANTA GA 30384-1463

E1    220660641

ELLIOTT MCKINNIS
1913 KING EIDER CT
WEST LAFAYETTE, IN 47906-6503

☐ Please check box and make address or insurance changes on reverse side.

## IMPORTANT MESSAGE:

*Thank you for selecting our facility for your healthcare needs. We trust your experience with us met your expectations.*

*Your insurance(s) has/have paid their portion. The balance is now your responsibility. Please remit the balance in full by the due date.*

| ACCOUNT NUMBER | PATIENT NAME | DATES OF SERVICE |
|---|---|---|
| | EMMA MCKINNIS | 05/27/2016-05/27/2016 |
| STATEMENT DATE | DESCRIPTION OF SERVICES | Questions about your bill? Please call, |
| 09/11/2016 | Emergency Room Services | **888-861-2271** |

| DESCRIPTION | AMOUNT |
|---|---|
| Total Charges | $3,429.24 |
| Insurance Payments To Date | $0.00 |
| Patient Payments To Date | $0.00 |
| Adjustments To Date | $-2,510.17 |
| Account Balance | $919.07 |

*Handwritten note:* AL0EDD ← CONFIRMATION CODE
PAID BALANCE IN FULL BY PHONE 10/3/16

✓ Easy to sign up
✓ Easy to use
✓ Secure

**My Health Home**

A secure online home for your health information.

*Learn more at:*
www.AllianceHealthDurant.com

Save time and postage, pay your bill online:
www.AllianceHealthDurant.com.
To pay by phone, call: 888-861-2271

| AMOUNT DUE: | $919.07 |
|---|---|

810_CSCH0870_E1_E_N