IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ELLIOTT MCKINNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) 4:18-CV-4 |
| PROFESSIONAL ACCOUNT | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Default Judgment filed by the plaintiff, Elliott McKinnis, on April 8, 2018. (DE #7.) For the reasons set forth below, the motion is **GRANTED**.

BACKGROUND

The plaintiff, Elliott McKinnis ("Plaintiff") filed suit against the defendant, Professional Accounting Services, Inc. ("Defendant") on January 12, 2018, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). (DE #1.) Plaintiff's complaint seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, actual damages, statutory damages, attorneys' fees, and costs. (*Id*.) Defendant was served with a copy of the complaint and summons on January 19, 2018. (DE #3 & DE #4.) Defendant has not appeared before this Court, nor has Defendant

responded to the complaint. The Clerk entered default against Defendant on March 23, 2018. (DE #6.) Plaintiff now requests that the Court enter an order for default judgment against Defendant. Along with the instant motion, Plaintiff and his attorney have filed affidavits regarding the amount of damages. (DE #7-1 & DE #7-2.) Specifically, Plaintiff indicates that he expended $0.49 in postage to send a letter to Defendant in an attempt to dispute the alleged debt, that he hired Duran L. Keller, Esq. of Keller Law ("Attorney Keller") to represent him at a rate of $350.00 per hour, and that he is not seeking any additional sum in actual damages. (DE #7-1.) Attorney Keller's affidavit indicates that the total amount requested by Plaintiff is $5,923.25, which includes the aforementioned postage costs, $4,515.00 in attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),[1] $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A),[2] and $407.76 in costs and fees. (DE #7-2.)

DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgments. When a defendant fails to answer a complaint or otherwise defend himself, the clerk can make an entry of default.

---

[1] Attorney Keller submitted an itemization for 12.9 total hours. (DE #7-2.)

[2] In addition to the allegations of Defendant's conduct described in the complaint, Attorney Keller's affidavit states that he communicated with Defendant in an attempt to resolve the matter without Court intervention, but Defendant ignored those settlement attempts. (DE #7-2.)

Fed. R. Civ. P. 55(a); *see also Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) ("Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.").

Entry of default must precede an entry of default judgment. *See, e.g., Hirsch v. Innovation Int'l,* No. 91 CIV. 4130, 1992 WL 316143, at \*1 (S.D.N.Y. Oct. 19, 1992). As the Clerk has entered default against Defendant, this Court may enter a default judgment.

In a motion for default judgment, the well-pleaded allegations of a complaint relating to the amount of damages suffered must be proved. *Yang v. Hardin,* 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci,* 879 F.2d 1488, 1497 (7th Cir. 1988)). Before the entry of default judgment, Federal Rule of Civil Procedure 55(b)(2) provides that the district court "may conduct such hearings or order such references as it deems necessary and proper" to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). Such proceedings are required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

Here, after due consideration of the record including the complaint and the affidavits submitted in conjunction with the instant motion, the Court finds that the amount claimed is ascertainable from

the documentary evidence, and no hearing is necessary.

CONCLUSION

Thus, for the reasons set forth above, the Court **GRANTS** the motion for default judgment (DE #7) and **DIRECTS** the clerk to enter judgment in favor of Plaintiff in the amount of $5,923.25. The clerk is **DIRECTED** to close this case.

**DATED: April 16, 2018**                /s/RUDY LOZANO, Judge
                                         United States District Court